# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**BRIAN M. CASEY,**

    **Plaintiff,**

**vs.**                                                                 **Case No. 4:25cv69-TKW-MAF**

**FLORIDA DEPARTMENT OF
CORRECTIONS,
and NURSE CAMPBELL,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff Brian Casey is a pro se prisoner who has "three strikes" pursuant to 28 U.S.C. § 1915(g). Plaintiff initiated this case on February 14, 2025, by submitting a complaint, ECF No. 1, and in forma pauperis motion, ECF No. 2. A Report and Recommendation was entered, ECF No. 4, because Plaintiff's initial pleading did not present sufficient allegations of "imminent danger" as required by 28 U.S.C. § 1915(g). Thereafter, Plaintiff filed objections, ECF No. 8, and also simultaneously filed a motion to amend, ECF No. 9, and a first amended complaint, ECF No. 10. Plaintiff's motion to amend was granted, the Report and Recommendation rejected,

and this case remanded for consideration of the amended complaint. ECF No. 10.

After review of the amended complaint, ECF No. 10, which claimed Plaintiff had 12 medical conditions, Plaintiff was directed to file a second amended complaint which properly demonstrated "imminent danger" and was no more than 18 pages. ECF No. 12. Plaintiff was reminded that he could not simply recount past injuries or provide conclusory allegations unsupported by facts. *Id.* In particular, he was informed that he must provide specific dates as to when he suffered serious medical conditions and must discontinue asserting facts related to events which occurred in 2014 through mid-2024 as those past events do not show imminent danger. *Id.* Finally, Plaintiff was informed that he could not assert a claim against the Florida Department of Corrections because that agency "is not a 'person' that may be sued under 42 U.S.C. § 1983." ECF No. 12 at 8 (citing to <u>Gardner v. Riska</u>, 444 F. App'x 353, 355 (11th Cir. 2011) (holding the Florida Department of Corrections is not a person within the meaning of § 1983) and <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 71 (1989) (holding that the state and its "arms" are not persons amenable to suit under § 1983)).

Plaintiff filed a motion to accept his second amended complaint and permit him to exceed the page limitation. ECF No. 13. He simultaneously submitted a 53-page second amended complaint, ECF No. 14.[1] That motion was denied. Because the complaint must necessarily be limited to recent facts showing imminent danger, Plaintiff was held to the 18-page limit. ECF No. 15. Furthermore, review of the proposed second amended complaint revealed that Plaintiff continued to present allegations pertaining to medical problems from 2010 - 2017. Therefore, Plaintiff was required to file a third amended complaint, limited to no more than 18 pages, in compliance with the prior Order, and to separately submit his litigation history. ECF No. 15.

Now before the Court is Plaintiff's third amended complaint, ECF No. 16, and his separately filed "notice of filing prior litigation history." ECF No. 17. The undersigned has not spent a lengthy period of time reviewing Plaintiff's list because it is sufficient to note that Plaintiff has <u>not</u> provided an accurate accounting of that history. Although Plaintiff is aware of the need to honestly disclose his litigation history because he has had

---

[1] To be clear, the pertinent part of the complaint spanned 25 pages and the remainder concerned Plaintiff's litigation history.

Case No. 4:25cv69-TKW-MAF

numerous cases dismissed as malicious and for abuse of the judicial process, *see e.g.*, case number 4:24cv426-WS-MJF, Plaintiff has provided old and incomplete information.  ECF No. 17.

For example, Plaintiff provided a copy of a PACER printout which showed he "is a Plaintiff in 17 cases" filed in the Northern District of Florida.  ECF No. 17 at 8-9.  The date of the printout is 2-8-2023.  *Id.* at 9.  As of this date, Plaintiff has filed 31 cases in this Court, an easily verifiable number on PACER.

Plaintiff's list does not account for case number 4:24cv102 which was filed in this Court on 02/26/2024, and dismissed on 04/12/2024.  In addition, Plaintiff's list did not report these earlier cases which were filed in this Court:

    3:2013cv00079   Filed on 02/20/2013, dismissed on 02/22/2013

    4:2014cv00022   Filed on 01/13/2014, dismissed on 02/19/2014

    4:2017cv00078   Filed on 02/08/2017, dismissed on 03/16/2017

    5:2014cv00275   Filed on 10/22/2014, dismissed on 12/02/2014

He also presented a printout of cases filed in the Middle District of Florida as of 2-8-2023, showing he had filed 25 cases.  *Id.* at 32-33.  However, PACER shows Plaintiff had filed 55 cases in the Middle District.

It is unnecessary to list all the cases Plaintiff omitted from his list of Middle District litigation, but sufficient to note he only provided about half of the cases filed there. By submitting those older printouts, Plaintiff did not make a good faith effort to report all cases filed.[2]

Therefore, even if Plaintiff properly alleged imminent danger, his failure to provide this Court with an accurate accounting of his prior litigation history would justify dismissal of this case. Plaintiff's submission of old PACER reports[3] shows disrespect for the Court, the judicial process, and is malicious. Plaintiff is no stranger to litigation and he is not unfamiliar with the rules requiring the disclosure of prior cases. He has previously had cases dismissed for his refusal to properly disclose his litigation history, and acknowledged several of them in his complaint. *See* ECF No. 16 at 9. Therefore, his knowing submission of old reports demonstrates that Plaintiff is using litigation as a recreational activity, not as a means to redress a prison problem that puts him in imminent danger. This case

---

[2] Plaintiff did identify several other more recent cases in a separate section of his notice of prior litigation. ECF Nos. 17 at 9, 11-12. Plaintiff's disorganized presentation of his litigation history unnecessarily complicates the process of confirming he has provided an accurate listing.

[3] All of the printed reports Plaintiff submitted were two years old, not just the report for the Northern District of Florida cases. ECF No. 17 at 5, 7, 9, 11, 13-30.

Case No. 4:25cv69-TKW-MAF

should be dismissed as malicious. See <u>Sears v Haas</u>, 509 F. App'x 935, 935-36 (11th Cir. 2013) (affirming dismissal of prisoner complaint, sworn under penalty of perjury, in which prisoner failed to disclose several prior cases); see also <u>Zink v. Fla. Dep't of Corr.</u>, No. 4:24-CV-9-AW/MJF, 2024 WL 4031081, at *4 (N.D. Fla. June 18, 2024), report and recommendation adopted, No. 4:24-CV-9-AW-MJF, 2024 WL 4026178 (N.D. Fla. Sept. 3, 2024) (stating "[a]n appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice").

Beyond that failure, Plaintiff's complaint is also insufficient because he did not correct the deficiencies previously explained to him. First, Plaintiff has continued to name the Florida Department of Corrections as a Defendant, *see* ECF No. 16 at 1, and he seeks compensatory damages of $40,000,000.00 from the F.D.O.C. *Id.* at 16. As explained above, the Department is not a "person" that may be sued under § 1983 and it has Eleventh Amendment immunity. <u>Gardner</u>, 444 F. App'x at 355; <u>Will</u>, 491 U.S. at 71 (1989); <u>Pennhurst State School & Hospital v. Halderman</u>, 465 US. 89, 100 (1984); <u>Walden v. Fla. Dep't of Corr.</u>, 975 F. Supp. 1330, 1331

(N.D. Fla. 1996). Plaintiff's claims against the F.D.O.C. should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

Second, Plaintiff has continued to provide insufficient allegations of imminent danger. Once again, Plaintiff has included allegations pertaining to a fracture which occurred in June of 2010. ECF No. 16 at 5. He complains of a peripheral vein disease diagnosis in 2010 and an MRI that was ordered in 2016 but "was never completed." *Id.* Plaintiff also presents further medical complaints but provides no dates. *Id.* at 6, 14. Those assertions of past medical issues are insufficient to demonstrate *imminent* danger because they do not reveal a *current*, serious untreated medical issue. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (explaining that "prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception").

Another problem with the third amended complaint is that Plaintiff has presented only one claim against Defendant Campbell. He contends that as a nurse, she "was unqualified to perform the procedure she performed." ECF No. 16 at 14. Specifically, Plaintiff alleged that "Campbell drilled a hole into Plaintiff's left cheek" to perform a biopsy. *Id.* at 5. He contends

that she "excised surface cancer cells and placed them deep in the hole she placed in Plaintiff's cheek." *Id.* Nurse Campbell allegedly "sewed them in place so the cancer would spread . . . ." *Id.*

The Prison Litigation Reform Act directs courts to review a case and dismiss it if is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). Indeed, dismissal is "mandatory," and a "frivolous" dismissal includes those claims which describe "fantastic or delusional scenarios, claims with which federal district judges are all too familiar." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (quoting Neitzke v. Williams, 490 U.S. 319, 328, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989)). The term, "frivolous," "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke, 490 U.S. at 325, 109 S. Ct. at 1832. The Eleventh Circuit Court of Appeals has found that under the PLRA, courts may dismiss "wildly implausible allegations" which need not be accepted as true. Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008).

Here, Plaintiff claimed that Defendant Campbell, a nurse, "drilled a hole" in his cheek and then implanted cancer into the hole. Such a claim is "wildly implausible" and fanciful. Plaintiff's claim against Defendant Campbell should, accordingly, be dismissed as frivolous.

Case No. 4:25cv69-TKW-MAF

Moreover, at no point within the complaint does Plaintiff ever allege that he is facing "imminent danger." ECF No. 16. Instead, he presents legal conclusion and a myriad of conclusory allegations. Because Plaintiff has not shown imminent danger, this case should be dismissed.

As a "three striker," Plaintiff is not entitled to belatedly pay the filing fee. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not pay the filing fee at the time he initiates the suit). "The prisoner cannot simply pay the filing fee after being denied in forma pauperis status." Id. Even if this case was not subject to dismissal because of Plaintiff's failure to fully disclose his litigation history, the case should be dismissed with prejudice because Plaintiff's allegations are frivolous, he seeks monetary relief from a defendant who is immune from such relief.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 2, be **DENIED** because Plaintiff is not entitled to proceed with in forma pauperis status pursuant to 28 U.S.C. § 915(g). It is also **RECOMMENDED** that this case be **DISMISSED** because

Plaintiff's allegations pertaining to Defendant Campbell are frivolous and he improperly seeks monetary damages from the Department of Corrections. It is also malicious because Plaintiff did not provide an honest and complete listing of all his prior cases.  Further, it is **RECOMMENDED** that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on August 6, 2025.

 S/     Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:25cv69-TKW-MAF