UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**BRIAN M. CASEY**

    **Plaintiff,**

v.                                                           Case No. 4:25-cv-69-TKW-MAF

**FLORIDA DEPARTMENT OF CORRECTIONS** and **NURSE CAMPBELL,**

    **Defendants.**

_____/

## ORDER

This case is before the Court based on the magistrate judge's Report and Recommendation (Doc. 18) and Plaintiff's objections (Doc. 22).[1] The Court reviewed the issues raised in the objections de novo under 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(3), and based on that review, the Court agrees with the magistrate judge's determination that this case should be dismissed under the "three strikes statute," 28 U.S.C. §1915(g), because it is frivolous, and because of Plaintiff's failure to truthfully list his litigation history.

On the latter point, the Court did not overlook Plaintiff's "Motion to Amend Second Amended Complaint" (Doc. 23) and his "Notice of Filing Amended Prior

---

[1] Plaintiff's motion to accept the objections as timely will be granted.

Page 1 of 3

Litigation History" (Doc. 24). However, Plaintiff has already been afforded an opportunity to amend his complaint, *see* Doc. 11, and at this point, it would not be in the interest of justice to give him another opportunity to amend his complaint to disclose cases that he should have previously disclosed. *See Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) ("[T]he district court was correct to conclude that to allow [the plaintiff] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process."); *Merritt v. Dep't of Corr.*, 2020 WL 6703794, at *1 (N.D. Fla. Nov. 13, 2020) (rejecting inmate's argument that he should be allowed to amend his complaint to disclose cases that he previously omitted from his litigation history because "allowing Plaintiff to amend his complaint at this point would amount to no penalty for his inexcusable failure to disclose his litigation history and would not serve as a deterrent to Plaintiff and others from falsely answering the questions on the civil rights complaint form").

Accordingly, it is **ORDERED** that:

1. The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this Order.

2. Plaintiff's motion to accept the objections as timely (Doc. 21) is **GRANTED**.

3. Plaintiff's motion to amend second amended complaint (Doc. 23) is **DENIED**.

4. This case is **DISMISSED without prejudice** under 28 U.S.C. §§1915(g) and 1915(e)(2)(B)(ii) and based on Plaintiff's failure to honestly disclose his litigation history.

5. The Clerk shall enter judgment in accordance with this Order and close the case file.

**DONE AND ORDERED** this 5th day of September, 2025.

_____
**T. KENT WETHERELL, II
UNITED STATES DISTRICT JUDGE**